PEOPLE, PLAINTIFF AND APPELLEE, *v.* JIMÉNEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of Aguadilla in a Prosecution for Violation of Section 10 of the Agricultural Loans Act.

No. 1945.—Decided January 12, 1923.

AGRICULTURAL LOANS—APPROPRIATION—CUSTODIAN—EMBEZZLEMENT—FELONY—MISDEMEANOR.—Although the appropriation of property by a custodian may amount to an embezzlement, which is a felony, this does not prevent prosecution for a misdemeanor involving other or similar elements when the appropriation has been defined as a misdemeanor by a special statute regulating agricultural loans.

ID.—ID.—CREDITOR—HUSBAND AND WIFE—CRIMINAL COMPLAINT. — Any person having cognizance of the facts may file a criminal complaint, including the husband of a creditor under the Agricultural Loans Act.

ID.—ID.—EMBEZZLEMENT—LARCENY.—The Legislature may create new crimes involving the same acts. An embezzlement may be characterized as a larceny, and under the common law larceny was one of the modes of reaching acts of embezzlement.

ID.—ID.—IMPRISONMENT FOR DEBT—BREACH OF TRUST.—The Agricultural Loans
   Act is not unconstitutional as authorizing imprisonment for debt, for it does
   not purport to punish for failure to pay, but for not being faithful to the
   charge or trust.

The facts are stated in the opinion.

*Mr. B. Esteves* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On March 10, 1904, session acts page 141, the Legislature enacted a law known as the Agricultural Loans Act. In effect the Act provided for loans on the security of the property of the so-called agriculturist. Section 1 of the Act is as follows:

"Sec. 1.—The agriculturists may contract loans upon products and agricultural implements, which they shall keep in their hands carefully and gratuitously while serving as guaranty for money loaned."

Section 10 provided for a penalty as follows:

"Sec. 10.—An agriculturist who shall exchange, sell, or wilfully injure, to the detriment of his creditor, the articles pledged to him and of which he has been acting as keeper, shall be guilty of a misdemeanor.

"The agriculturist who shall appraise the goods at a price higher than the market price on the date that he signed the said certificate shall be guilty of a misdemeanor. And the agriculturist who shall not deliver the goods of which he agreed to be the keeper, when he is required to so deliver them by the municipal court, shall be punished for contempt, according to the provisions of the Penal Code."

The complaint before us sets up substantially that the defendant, having obtained a loan by virtue of said act on some coffee, disposed of the same by sale to the injury of his creditor, all with proper recitals and averments of malice and so on. There is no attack on the complaint, supposing the court to have jurisdiction and the act was con-

stitutional. The defendant was convicted and fined ninety dollars or a jail sentence on failure to pay.

Appellant complains of error, because he says that as the amount involved was coffee valued at $334.65, its appropriation was an embezzlement and a felony and hence that his motion to dismiss should have prevailed, seeing that all felonies are to be prosecuted by presentments of a grand jury. This however is a prosecution by virtue of section 10, *supra,* specifically called a misdemeanor. That the appropria- tion might possibly be an embezzlement does not prevent a prosecution for a misdemeanor involving other or the same elements. Appellant says that this line of argument is absurd where an unconstitutional act is concerned, but when he was discussing this phase of the case the unconstitution- ality could not be assumed. If the act was unconstitutional the prosecution should fail entirely.

The second error attacks the capacity of Victor P. Mar- tínez to file the complaint. He was the husband of the creditor. There is a long series of cases in this court lead- ing up to the conclusion that anyone, and especially one cognizant of the facts, may file a complaint. Appellant cites us to nothing that would cause us to change our minds in this regard.

In his third alleged error appellant attacks the consti- tutionality of the act. Three grounds are mentioned: (*a*) That a person may be twice put in jeopardy for the same offense, one for the sale and one for a contempt. The undue sale is one thing. The contempt may be for the failure to deliver the property in possession of the debtor and not sold.

(*c*) This ground is that this law would be in conflict with the Penal Code in regard to embezzlement and hence absurd. Again the idea that the prosecution must follow the defini- tion of embezzlement while there is no doubt that the Legis- lature may always create new crimes involving the same facts. Many an embezzlement might perhaps be charac-

terized as a larceny and under the common law larceny was one of the modes of reaching acts of embezzlement.

The principal ground is set out in (*b*), namely, that section 10 of the Act itself was an indirect way of collecting a debt by way of imprisonment. On this point we have had some doubts. However, there is a strong presumption in favor of the constitutionality of the law. *Ponce Lighter. Co.* v. *Municipality of Ponce,* 19 P. R. R. 725, 738; *People* v. *Neagle,* 21 P. R. R. 339. Section 10 does not purport to punish for failure to pay. The rest of the act makes the debtor the custodian or trustee of his property and section 10 punishes him for not being faithful to his charge or trust. The man who obtains an agricultural loan cannot deliberately dispose of the property secured without incurring in a misdemeanor. While it is true that the idea is the security of the debt, the obligation assumed for the purposes of the penal law is not to dispose of the property.

As to the suggestion that these loans are obtained sometimes without any existing property, the answer is that if such a fact is developed at the trial, there arises, if not a certainty of innocence, a very strong doubt of the guilt of one who, never having had the property, could dispose of what did not exist. Despite the false recitals two people cannot openly contract in this wise to subject one of them to the pains and penalties of the law. Under this state of facts the law most probably would not help out the prosecuting witness.

The appellant also supposes the case of growing fruits, sold by debtor relying on his other secured property to pay the debt, and then supposes that this other property should perish. If, however, the debtor should dispose of the fruits when he agreed not to do so, he would run the risk of a prosecution. Even if appellant is right, such a situation might perhaps be excluded from the operation of the act without destroying its constitutionality for other purposes.

We are inclined to agree with appellant that a person could not be punished for contempt for failure to turn over non-existent property, but this is not a prosecution for contempt.

As we have intimated, while there may be some doubts as to whether in some cases the act in question may not subject a person to imprisonment for debt, the appellant has brought nothing to our attention that convinces us of the unconstitutionality of the said act.

As to the fourth error, or that the defendant had in fact been placed in jeopardy for the same offense, we have already pointed out that the contempt described in section 10 and the disposal of the property do not necessarily involve the same facts. Section 45 of the Penal Code moreover permits the co-existence of a contempt and a crime. We are dubious too from the record if the defense of second jeopardy was duly raised.

The other errors set up relate to the weighing of the evidence and the like. We find the proof sufficient and shall not set it forth in detail. Part of the proof was admissions or confessions of the defendant as to the disposal of the property. Appellant says that the alleged confession was not made according to law but he fails to specify why not, and there was no assignment of error in this regard. Nor does appellant show that he raised such a point in the court.

Appellant also says that it was not shown that he took charge of the coffee, but such a fact was sufficiently proved by the recitals in the contract.

Nor does appellant make clear to us how the fact of a renewed contract would show that he had no coffee on hand at the time of the renewal.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.